# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9365 | **DATE** | 5/28/2003 |
| **CASE TITLE** | Jean Y. Marshall vs. Chicago Sun-Times, Inc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's affirmative defenses 2 through 5 are stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | MAY 30 2003 | | |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 5/28/2003 | | |
| | | | date mailed notice | | |
| SN | courtroom deputy's initials | | SN | | |
| | | | mailing deputy initials | | |
| | | Date/time received in central Clerk's Office | | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JEAN Y. MARSHALL,                    )
                                     )
                    Plaintiff,       )    No.  02 C 9365
                                     )
          v.                         )    Hon. Milton I. Shadur[1]
                                     )    Judge Presiding
CHICAGO SUN-TIMES, INC.,             )
                                     )
                    Defendant.       )

MEMORANDUM OPINION AND ORDER

Chicago Sun-Times, Inc. ("Sun-Times") has filed its Answer

and Defenses to the First Amended Complaint ("FAC") brought

against it by its employee Jean Marshall ("Marshall").  Marshall

has asserted a number of claims against Sun-Times, with the FAC's

five counts ringing changes on her various charges of employment

discrimination.  This opinion is issued sua sponte because,

although Sun-Times' Answer is fully responsive to the FAC, almost

all of its affirmative defenses ("ADs") are flawed and must be

stricken.

AD 2 to each count in the FAC reads:

Plaintiff's claims are barred to the extent that
Plaintiff has failed to meet the statutory and/or
jurisdictional prerequisite to suit.

That statement is of course purely tautological rather than

informative--its "to the extent" hedge does nothing at all toward

---

[1]  Sun-Times' counsel ought to be careful in more ways than
the text of this opinion discusses:  the name is "Shadur," not
"Sharon" (as the Answer has it).  This Court has enough
difficulty managing its own calendar without undertaking the
problems of the State of Israel.

satisfying the modest requirements of notice pleading that the Rules of Civil Procedure ("Rules") impose on defendants as well as plaintiffs. That alone calls for the striking of each AD 2, and this Court so orders.

But because of the possibility that Sun-Times' counsel might seek to reassert such a contention in a more informative fashion, this opinion will go on to address the substantive issue involved. As one of the exhibits to Marshall's original pro se Complaint reflects, the EEOC's right-to-sue letter was issued on September 25, 2002 and was directed to Marshall by certified mail. Although Marshall (originally acting pro se) filled in the form Complaint ¶8(b) as though she received the letter on that same September 25 date, that obviously cannot be the case with a mailed document--and even if she received the letter on the very next day (certainly an optimistic assumption), her delivery of the Complaint to this District Court's Clerk's Office on December 24, 2002 would have been the 89th day thereafter--one day within the statutory 90-day time limit.

Marshall initially sought leave to proceed in forma pauperis, but this Court denied that application because she could afford to pay the $150 filing fee (she was still employed by Sun-Times), but it granted her until January 30, 2003 to do so. In fact she paid the entire fee on January 31.

Williams-Guice v. Bd. of Educ., 45 F.3d 161 (7th Cir. 1995)

has dealt with a similar situation. It held that lodging a complaint for filing, together with an application for leave to proceed in forma pauperis, brings what was then this District Court's Local Rule 11D (now its LR 3.3) into play. LR 3.3(d) specifies that the granting of such an application after the expiration of the time within which a complaint must be filed causes that complaint to be deemed to have been filed as of the time the Clerk received the complaint (in this instance that would be December 24, 2002). Where an in forma pauperis application is instead denied, the situation is governed by LR 3.3(e), which specifies (emphasis added):

> If the required fees are not paid within 15 days of the date of such notification, or within such other time as may be fixed by the court, the clerk shall notify the judge before whom the matter is pending of the nonpayment. The court may then apply such sanctions as it determines necessary including dismissal of the action.

In this instance, as already indicated, this Court fixed January 30, 2003 as the time by which the fee had to be paid. In fact Marshall paid the fee a day later, but the Clerk of Court understandably gave this Court no notification to that effect. This Court states that if any such notification had been given, it would not have imposed any sanction--let alone the ultimate sanction of dismissal. Instead it would have treated the action as timely filed, on the premise (1) that this Court's order granting Marshall additional time to pay the fee was essentially

3

the equivalent of a tolling provision and (2) that at least one day of the 90-day period had remained open when Marshall first lodged the Complaint with the Clerk's Office. Accordingly AD 2 of each count is stricken.

AD 3 to each count poses fewer complexities. It too employs the totally uninformative "to the extent" locution. If Sun-Times' counsel truly regards some specific aspects of Marshall's claims as barred by limitations, counsel must provide chapter and verse in that respect so that both Marshall's lawyer and this Court will know what is being placed in issue. Accordingly all of the present AD 3s are stricken, albeit without prejudice to their potential reassertion in proper form.

Each AD 4's inclusion of the "to the extent" language is even more meaningless--of course a complaint "should be dismissed" to the extent that it is vulnerable under Rule 12(b)(6). Hence each AD 4 is stricken as legally frivolous.

Each AD 5 poses a different problem: It runs afoul of the basic concept of an AD as prescribed by Rule 8(c) and the caselaw implementing it--see, e.g., App. ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Sun-Times' claim of its "good faith efforts to comply with" federal anti-discrimination legislation contradicts such allegations of the Complaint as Count I ¶35, Count II ¶43, Count III ¶49 and Count V ¶62 (as for Count IV, its incorporation by reference of all

earlier Complaint paragraphs does the job). Every AD 5 is
therefore also stricken, with Sun-Times' denial of the cited
paragraphs of the Complaint already having placed those
allegations in dispute.

Milton I. Shadur
Senior United States District Judge

Date: May 28, 2003